# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30252
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2018

Lyle W. Cayce
Clerk

DONNA M. SMITH,

Plaintiff-Appellant

v.

THOMAS USSIN BROWN, Individually; LAW OFFICE OF CHANEL R. DEBOSE; CHANEL R. DEBOSE, In Her Individual Capacity; LAW OFFICE OF SHARRY I. SANDLER, Officially; SHARRY I. SANDLER, In Her Individual Capacity; LAW OFFICE OF GORDON PATTON, Officially; GORDON PATTON, In His Individual Capacity; JABEZ PROPERTY MANAGEMENT, L.L.C., Officially; ALLEN DUHON, Individually; ADELLE DUHON, Individually; MONIQUE E. BARIAL, Judge, Officially and Individually,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-2784

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Donna M. Smith, a pro se non-prisoner, moves this court for leave to proceed in forma pauperis (IFP) in this appeal from the district court's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30252

dismissal of her 42 U.S.C. § 1983 complaint.  The district court dismissed her claims against Chanel R. Dubrose, Law Office of Chanel R. Dubrose, Sharry I. Sandler, Law Office of Sharry I. Sandler, Gordon Patton, Law Office of Gordon Patton, and Judge Barial for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.[1]  The district court dismissed Smith's claims against Jabez Property Management, Allen Duhon, and Adelle Duhon because it did not have supplemental jurisdiction over the state law claim against these defendants.  The district court also dismissed Smith's state and federal claims against Brown for failure to state a claim.  The district court further found that even if Smith sufficiently stated the state law claims, the claims should be dismissed because all federal claims were being dismissed.  The district court, for the same reasons, denied Smith permission to appeal IFP, certifying that the appeal was not taken in good faith.

By moving to proceed IFP, Smith is challenging the district court's certification that this appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

In her IFP motion, Smith does not address the district court's reasons for dismissing her claims or denying IFP motion.  By failing to discuss the district court's rationale for denying her IFP motion, Smith has abandoned the issue, and it is the same as if she had not appealed the district court's order.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Accordingly, her motion for leave to proceed IFP on appeal is DENIED,

---

[1] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

No. 17-30252

and her appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.